UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TREMAINE CARY, et al.,                                                                                  Plaintiffs,

v.                                                                           Civil Action No. 3:14-cv-458-DJH-CHL

THE CORDISH COMPANY,                                                                                 Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Tremaine Cary, Jeremy Underwood, Lewis Underwood, Andrew Peters, and Andrew Peters, Jr. allege that they were subjected to racial discrimination when they were denied admission to the Fourth Street Live entertainment district in Louisville, Kentucky. (Docket No. 1-2)  Defendant The Cordish Company seeks summary judgment, arguing that it is not the proper defendant and that the evidence does not support the plaintiffs' claim in any event.  (D.N. 24)  The Court agrees that The Cordish Company cannot be held liable on the facts presented and will therefore grant the motion for summary judgment.

**I.      BACKGROUND**

A detailed recitation of the facts is unnecessary.  On March 29, 2013, the plaintiffs, along with two men who are not parties to this action, went to Fourth Street Live to celebrate a win by the University of Louisville's basketball team.  At the gate to Fourth Street Live, a hostess and a security officer employed by IPC International Corporation refused to let them in, stating that Fourth Street Live was closed for the night.  The plaintiffs, all of whom are African-American, assert that they were denied entry because of their race.

The Cordish Company maintains that it does not own Fourth Street Live, has no employees working at Fourth Street Live, and did not contract with IPC for the security services

1

provided at Fourth Street Live. Therefore, the Cordish Company argues, it cannot be liable for the alleged discrimination. (*See* D.N. 24-1, PageID # 607-08, 612-14) The plaintiffs, however, insist—based on a newspaper article and business records showing shared management between The Cordish Company and entities involved with Fourth Street Live—that they have named the correct defendant.

## II.     ANALYSIS

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be deemed undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2)-(3). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of his claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

The plaintiffs assert a single claim of racial discrimination pursuant to Kentucky Revised Statutes § 344.120. (D.N. 1-2, PageID # 13) That statute provides, in relevant part, that "it is an unlawful practice for a person to deny an individual the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the ground of disability, race, color, religion, or national origin." Ky. Rev. Stat. § 344.120. In analyzing claims under § 344.120, this Court has previously applied the burden-shifting framework used for claims of discrimination under 42 U.S.C. § 1981. *See Miller v. Freedom Waffles, Inc.*, No. 3:06CV-159-H, 2007 U.S. Dist. LEXIS 13217, at *14 (W.D. Ky. Feb. 23, 2007). Although the plaintiffs in this case disagree that *Freedom Waffles* sets out the proper standard, they do not suggest a superior approach, and their response to The Cordish Company's motion assumes that standard applies. (*See* D.N. 32, PageID # 717) The Court finds application of the burden-shifting framework to be appropriate in light of the similarities between the two statutes.

To prevail on their claim, the plaintiffs "must first establish a prima facie case of discrimination from the circumstantial evidence." *Freedom Waffles*, 2007 U.S. Dist. LEXIS 13217, at *7 (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 868 (6th Cir. 2001)). A prima facie case consists of three elements:

(1) plaintiff is a member of a protected class;
(2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and
(3) plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that
    (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not[;] and/or
    (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Id.* (quoting *Christian*, 252 F.3d at 872). The first element is satisfied, as all five of the plaintiffs are African-American. However, the parties dispute the remaining two elements. Because the Court concludes that the plaintiffs did not seek "services ordinarily provided by" The Cordish Company, the Court's analysis begins and ends with the second element.

The Cordish Company presents a sworn declaration by Robert Fowler, who identifies himself as "in-house counsel for CTR Management, a real estate company that provides services to Louisville Galleria, LLC, the owner of" Fourth Street Live. (D.N. 24-2, PageID # 620) Fowler states that The Cordish Company "has no ownership interest in" Fourth Street Live; "has no employees working at or for" Fourth Street Live; "does not employ the hostesses or the police officer referenced in Plaintiffs' Complaint"; and "did not enter into a contract with the company [that] provides the security services at" Fourth Street Live. (*Id.*, PageID # 620-21)  Fowler identifies Louisville Galleria, LLC as the owner of Fourth Street Live and further avers that "The Cordish Company has no ownership interest in Louisville Galleria, LLC." (*Id.*, PageID # 620)

The plaintiffs attack Fowler's declaration as "blatantly false" but offer nothing of substance in opposition. (D.N. 32, PageID # 719)  They first point to a 2014 newspaper article in which Zed Smith, whom the plaintiffs describe (without citation) as The Cordish Company's Chief Operating Officer, was quoted as stating that he was "in charge of operations of Fourth Street Live." (*Id.* (quoting D.N. 32-1, PageID # 730))  Apparently anticipating a challenge to the article's admissibility, the plaintiffs assert that the quote—an out-of-court statement offered for the truth of the matter asserted—"is clearly not hearsay under the Federal Rules of Evidence 801(d)(2)(D), or[] falls under any number of the hearsay exceptions found in Rule 803." (*Id.*)

Rule 801(d)(2) provides that a statement is not hearsay if it "is offered against an opposing party and: . . . (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2).  The newspaper article does not indicate that Smith was speaking as a representative of The Cordish Company, however. (*See* D.N. 32-1)  Moreover, the fact that Smith's statement was published in a newspaper presents an issue of double hearsay, which the plaintiffs do not address. *See Larez v.*

4

*Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (explaining that newspaper reporter's attribution of quote to speaker constitutes implicit statement, made out of court, that "[the speaker] said this!"). Finally, the plaintiffs do not bother to identify any of the supposedly applicable exceptions to the hearsay rule, and the Court sees none that would apply here. *See* Fed. R. Evid. 803. Because the quote is inadmissible hearsay, the Court may not consider it. *See Back v. Nestlé USA, Inc.*, 694 F.3d 571, 577 (6th Cir. 2012) (citing *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003) (hearsay evidence cannot be considered for purposes of summary judgment)).

Even if the article were admissible, the plaintiffs have presented no evidence of Smith's association with The Cordish Company—and even if they had, it would merely establish that there is overlap in management between the two companies, not that The Cordish Company is liable for the discrimination alleged here. Likewise, the other "evidence" presented by the plaintiffs on this point at best shows that there is some relationship between The Cordish Company and Louisville Galleria, LLC. (*See* D.N. 32, PageID # 720 (citing Fourth Street Live Development Agreement, the Cordish Companies website, and Kentucky Secretary of State website search results)) Based on the minimal evidence presented by the plaintiffs, the Court cannot find that they sought "services ordinarily provided by" The Cordish Company. *Freedom Waffles*, 2007 U.S. Dist. LEXIS 13217, at *7 (quoting *Christian*, 252 F.3d 872).

The Cordish Company's evidence shows that the company is not liable for the alleged discrimination—in other words, that it did not "deny [the plaintiffs] the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement" on the basis of their race. Ky. Rev. Stat. § 344.120. While Fowler seems an odd choice to provide the information given his apparent lack of a direct

5

connection to The Cordish Company, his declaration was sworn under penalty of perjury, and the plaintiffs have presented no admissible evidence contradicting it. As the plaintiffs have failed to demonstrate a genuine dispute of material fact with respect to an essential element of their claim, summary judgment is appropriate. *See Celotex Corp.*, 477 U.S. at 322-23.

### III. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that The Cordish Company's Motion for Summary Judgment (D.N. 24) is **GRANTED**. A separate judgment will be entered this date.

March 22, 2016

**David J. Hale, Judge**
**United States District Court**