UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TREMAINE CARY, et al., Plaintiffs,

v. Civil Action No. 3:14-cv-458-DJH-CHL

THE CORDISH COMPANY, Defendant.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tremaine Cary, Jeremy Underwood, Lewis Underwood, Andrew Peters, and Andrew Peters, Jr. have moved to alter, amend, or vacate the Judgment in this case on the basis of newly discovered evidence. (Docket No. 40) Because the evidence they offer was not previously unavailable and would not alter the Court's conclusion in any event, their motion will be denied.

## I. BACKGROUND

Plaintiffs, who are African-American, allege that they were discriminated against on the basis of race when they were denied admission to Fourth Street Live, a Louisville, Kentucky entertainment venue. (D.N. 1-2, PageID # 10-15) They asserted a single claim of racial discrimination under the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.120. (*Id.*, PageID # 13) Defendant The Cordish Company moved for summary judgment, arguing that it did not own or operate Fourth Street Live and thus could not be liable for the alleged discrimination. (D.N. 24) In a Memorandum Opinion and Order entered March 23, 2016, the Court granted The Cordish Company's motion. (D.N. 38) The Court found that Plaintiffs had failed to demonstrate a genuine issue of material fact as to an essential element of their claim, namely that they were attempting to contract for "services ordinarily provided by" The Cordish Company when the alleged discrimination occurred. (*Id.* (quoting *Miller v. Freedom Waffles, Inc.*, No. 3:06CV-159-

H, 2007 U.S. Dist. LEXIS 13217, at *7 (W.D. Ky. Feb. 23, 2007))) Plaintiffs now seek relief under Federal Rule of Civil Procedure 59(e). (D.N. 40, PageID # 854)

## II. ANALYSIS

"Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). A motion under Rule 59(e) may be granted for one of four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

According to Plaintiffs, newly discovered evidence warrants reconsideration of the Court's decision in this case. (*See* D.N. 40-1) They present three news articles from the website cordishinthenews.com, as well as information from cordish.com. (*See id.*, PageID # 858 nn.1-4; D.N. 45-1–45-4) The latter is offered to establish that Zed Smith is the chief operating officer of The Cordish Company, while the news articles are meant to show that The Cordish Company is in fact the owner and operator of Fourth Street Live. (D.N. 40-1, PageID # 857-58)

"To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence 'must have been previously unavailable.'" *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Gencorp*, 178 F.3d at 834). Plaintiffs do not contend that their new evidence was previously unavailable. Nor could they, as the articles are several years old. (*See, e.g.*, D.N. 45-3, PageID # 900 (discussing planned Cordish Co. project for which "[c]onstruction is expected to start next year and be substantially complete by 2010")) Thus, Plaintiffs' newly discovered evidence does not support their request for relief under Rule 59(e). *See HDC*, 675 F.3d at 615.

Moreover, the new evidence suffers from the same deficiencies as the evidence previously offered by Plaintiffs. As the Court explained in its earlier Memorandum Opinion and Order, the fact that Smith may work for The Cordish Company as well as Fourth Street Live does not mean that The Cordish Company is liable here.[1] (*See* D.N. 38, PageID # 851) And although Plaintiffs assert that anything published on the company's website constitutes a non-hearsay admission, the authors of the news articles are unidentified, and the articles appear to come from outside sources (e.g., newspapers). In short, the articles cannot be attributed to The Cordish Company, and Plaintiffs' new evidence presents the same hearsay and double-hearsay issues addressed in the Court's prior decision. (*See* D.N. 38, PageID # 850-51)

---

[1] In its response to Plaintiffs' motion, The Cordish Company provides its own printout from cordishinthenews.com: the site's privacy policy, which states in bold type:

> The Cordish Companies, The Cordish Company, and Cordish are trade names for a group of multiple legal liability companies [sic] and partnerships. Each property or project referenced on this website is owned and operated by a separate, single-purpose legal entity that is solely responsible for its obligations and liabilities. Each is a separate entity, with separate capital, ownership and management structures for each entity. Each entity is operated as an independent financial entity. No common operations or financial interdependency, and no intermingling of assets or liabilities of the separate entities, are intended to or should be deemed to exist as a result of this common reference to multiple entities under the name "Cordish" or "The Cordish Companies" or "The Cordish Company" on this website. No ownership by The Cordish Companies, Inc. or The Cordish Company, Inc. of these properties or projects is expressed or implied.

(D.N. 42-1, PageID # 887) The printout is accompanied by a sworn declaration of counsel attesting to its authenticity. (*Id.*, PageID # 885)

## III. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiffs' Motion to Alter, Amend, or Vacate (D.N. 40) is **DENIED**.

December 28, 2016

**David J. Hale, Judge**
**United States District Court**